OPINION
{¶ 1} On June 5, 2003, the Stark County Grand Jury indicted appellant, Nathan Hess, on two counts of aggravated robbery in violation of R.C. 2911.01. The charges arose from incidents involving Sonya Wallace and Michelle Thomas. A trial date was scheduled for August 4, 2003.
 {¶ 2} On July 10, 2003, the state requested a continuance due to DNA testing and the unavailability of a complaining witness (Ms. Thomas) due to pregnancy. On July 16, 2003, appellant filed a motion for separate trials of the two counts.
 {¶ 3} On July 21, 2003, the trial court rescheduled the trial for August 25, 2003. The trial court journalized its granting of the continuance on July 25, 2003. By judgment entries filed July 29 and August 8, 2003, the trial court denied appellant's motion to sever the counts, finding the charges constituted a common scheme and were part of a course of criminal conduct, and finding the state's continuance request was reasonable.
 {¶ 4} On August 13, 2003, appellant filed a motion to dismiss the charges due to speedy trial violations. By judgment entry filed August 25, 2003, the trial court denied said motion, again finding the state's continuance request was reasonable.
 {¶ 5} A jury trial commenced on August 25, 2003. The jury found appellant guilty of aggravated robbery involving Ms. Wallace, and the lesser included offense of robbery involving Ms. Thomas. By judgment entry filed September 5, 2003, the trial court sentenced appellant to ten years on the aggravated robbery count and eight years on the robbery count, to be served consecutively, for a total aggregate term of eighteen years in prison.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "The trial court erred in failing to grant the appellant separate trials on the two counts as charged in the indictment."
 II {¶ 8} "The court erred in failing to grant the appellant's motion to dismiss based on the failure of the state of ohio to provide the appellant a speedy trial as provided in ohio revised Code Section 2945.71."
 III {¶ 9} "The court erred in imposing the maximum sentence on the appellant for each count and further erred in imposing the sentences to run consecutive to each other on the two counts."
 I {¶ 10} Appellant claims the trial court erred in failing to sever the counts of the indictment into separate trials. We disagree.
 {¶ 11} The trial court specifically found the offenses constituted a common scheme and were part of a course of criminal conduct pursuant to Crim.R. 8(A) which states as follows:
 {¶ 12} "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."
 {¶ 13} Appellant was indicted on two counts of aggravated robbery, each occurring within a twenty-four hour period of time. The offenses were car jackings, wherein the offender approached the victims demanding their car keys. In one offense, the vehicle was taken and in the second offense, a passerby scared off the offender. Appellant admitted in a taped statement that he was the offender, but did not threaten the victims, asking for the car keys only. See, Statement attached to State's Response to Request for Discovery filed June 13, 2003.
 {¶ 14} Crim.R. 14 provides for relief from prejudicial joinder after a review of the Crim.R. 16 discovery materials wherein the above statement is included sub judice. Severance is only to be granted upon a showing of prejudice.
 {¶ 15} From our review of the record, we find undue prejudice did not result from the joint trials. In addition, we note the motion to sever was never renewed during the trial or at the close of the trial.
 {¶ 16} The trial court specifically instructed the jury to consider each count separately in its deliberations. T. at 247. This is further evidenced by the jury's question during deliberations about the first victim's actions after being confronted for her car keys (Count 1). Transcript of Verdict T. at 3. The jury also asked a specific question about the issue of "serious physical harm" as alleged in Count 2 of the indictment. Id. at 9.
 {¶ 17} The verdict itself refutes appellant's argument that the trial of both counts would create a "shot-gun" effect of prosecution. The jury found appellant guilty of Count 1 as indicted, but in Count 2, found him guilty of the lesser included offense of robbery.
 {¶ 18} Upon review, we conclude the trial of both counts jointly did not unduly prejudice appellant.
 {¶ 19} Assignment of Error I is denied.
 II {¶ 20} Appellant claims the trial court erred in denying his motion to dismiss for speedy trial violations. We disagree.
 {¶ 21} R.C. 2945.71(C) states an individual charged with a felony shall be brought to trial within two hundred seventy days of arrest. Each day an individual is imprisoned is counted as three days. Appellant argues his trial was held outside the requirements of R.C. 2945.71(C).
 {¶ 22} The date of trial from the date of arrest would have been August 11, 2003. The case was originally set for trial for the week of July 14, 2003. See, Trial Notice filed June 16, 2003. On July 2, 2003, the trial court continued the case to August 4, 2003. On July 10, 2003, the state requested a continuance due to DNA testing and the unavailability of a complaining witness due to pregnancy. Before the trial court ruled on this motion, appellant filed a motion for separate jury trials on the two counts (July 16, 2003). Thereafter, on July 21, 2003, the trial court set a trial date for August 25, 2003. The trial court journalized its granting of the continuance on July 25, 2003. By judgment entries filed July 29, 2003 and August 8, 2003, the trial court denied appellant's motion for separate trials, and found the state's continuance request was reasonable.
 {¶ 23} Pursuant to R.C. 2945.72(E), the time from the July 16, 2003 motion to sever to the final entry on the motion, August 8, 2003, twenty-three days, is not counted in the ninety day time limit.[1] Appellant's trial was held on August 25, 2003, or on the eighty-first day of availability for trial according to R.C. 2945.72(E).
 {¶ 24} We find the continuance of the trial date was granted prior to the August 11, 2003 try-by date. The July 25, 2003 judgment entry granting the continuance set forth reasons that were reasonable in light of necessity, to wit: DNA testing and the unavailability of a complaining witness due to pregnancy as her doctor ordered her to bed rest. See, State v. Campbell
(1995), Hamilton App. No. C-940601; R.C. 2945.72(H).
 {¶ 25} Upon review, we find the trial court did not err in denying appellant's motion to dismiss for speedy trial violations.
 {¶ 26} Assignment of Error II is denied.
 III {¶ 27} Appellant claims the trial court erred in giving him the maximum sentence on each count and running them consecutively. We disagree.
 {¶ 28} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 29} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 30} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 31} "(b) That the sentence is otherwise contrary to law."
 {¶ 32} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 33} Appellant was found guilty of aggravated robbery in the first degree and robbery in the second degree. Pursuant to R.C. 2929.14(A)(1), felonies in the first degree are punishable by "three, four, five, six, seven, eight, nine, or ten years." Felonies of the second degree are punishable by "two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2). By judgment entry filed September 5, 2003, the trial court sentenced appellant to ten years on the aggravated robbery count and eight years on the robbery count, to be served consecutively, for a total aggregate term of eighteen years in prison.
 {¶ 34} Appellant argues the trial court erred in sentencing him to greater than the minimums and ordering them to be served consecutively.
 {¶ 35} Pursuant to R.C. 2929.14(C), a trial court may impose the longest prison term authorized for the offense only upon offenders "who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, * * * and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 36} The trial court specifically reviewed the factors of R.C. 2929.12, R.C. 2929.13(B)(2)(a), R.C. 2929.14(C) and (E) and R.C. 2929.19(B)(1). The trial court found a threat of physical harm was present in each offense, appellant had served seven days in prison previously and had an extensive misdemeanor record. T. at 13-14. The trial court also found appellant had committed the worst form of the offense:
 {¶ 37} "The victims of the car jacking particularly in this case were two innocent individuals. You did not know them. They had nothing to do with the offense. They didn't antagonize you. It wasn't out of a heated exchange with them. You had no relationship whatsoever.
 {¶ 38} "You, you prowled the streets of the city of Canton, looked upon them as a wolf would look at a small lamb in a field, and you attacked much the same way that a wolf would attack a lamb in a field and used a knife against the woman.
 {¶ 39} "* * *
 {¶ 40} "And it's fortunate in that Count 1 that somebody wasn't killed. You used a deadly weapon on an innocent victim. You used force to gain control of her car and drove away.
 {¶ 41} "Within 24 hours you were back prowling again, looking for another victim in the city of Canton. This time you came downtown Canton and you sat and you watched as probably the most delicate and most need of protection of our population; a 6-month pregnant woman was taking two younger children from day care at the YMCA because she and her husband worked to try and scratch out a living.
 {¶ 42} "And you homeless drug addict, lack of any self-respect or any sense of duty, hung in the shadows, this time like a vulture as opposed to a wolf and waited on the ledge until you saw a victim walk across the street; probably the most cowardly I have witnessed in a number of years, Mr. Hess, to go up and attack a pregnant woman with two small children from behind and grab her and start to choke her." T. at 15-17.
 {¶ 43} The trial court specifically found given appellant's criminal history, he would likely commit an offense again. T. at 18-20.
 {¶ 44} As for the consecutive nature of the sentences, R.C.2929.14(E)(4) governs multiple sentences and states as follows:
 {¶ 45} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 46} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 47} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 48} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 49} R.C. 2929.19(B)(2)(c) states the following:
 {¶ 50} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 51} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 52} In considering these factors, the trial court once again pointed out that the public needed to be protected from future crimes, citing its prior findings. T. at 20.
 {¶ 53} Upon review, we find the trial court specifically enumerated the factors to be considered, applied those factors to the facts sub judice and followed the specific mandates of the statutes and State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 54} Assignment of Error III is denied.
 {¶ 55} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
[1] A severance motion pursuant to Crim.R. 14 necessitates the trial court's determination of prejudice based upon Crim.R. 16 discovery.